IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIN GARDNER and | § | |
| EVELYN GARDNER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-5003 |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYDS, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, §§ 541.060 and 541.061. The defendants timely removed and filed a verified plea in abatement. (Docket Entry Nos. 1, 16). The defendants also moved to dismiss the fraud allegations as insufficiently pleaded. (Docket Entry No. 15). Both motions are addressed below.[1]

**I.     The Motion to Abate**

The defendants invoked the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. The defendants asked this court to abate the suit until the 61st day after the

---

[1]     The plaintiffs argue that this court should deny all defendants' motions because the motions lack a certification that they conferred with the plaintiffs and disagree about the disposition of the motion. *See* S.D. TEX. L.R. 7.1(D). Motions to dismiss under Rule 9(b) are treated as motions under Rule 12(b)(6), *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009), and the certification of conference requirement generally does not apply to such dispositive motions. As to the motion to abate, it would be ironic if a motion seeking to enforce a state statutory requirement intended to allow the parties an opportunity to confer was not considered because the motion itself did not include a certification that the parties conferred about the motion.

plaintiffs provided the statutory written notice of their claims under the statute. The plaintiffs responded by arguing that although they filed suit in state court on October 19, 2010 and did not send the notice letter until January 10, 2011, the notice requirement was satisfied by the petition. The plaintiffs also assert that they did not have to provide any notice because the case will not be tried within 60 days after the notice letter was sent. Finally, the plaintiffs argue that they did not have to provide notice because it was impracticable given limitations. (Docket Entry No. 19).

Section 541.154(a) of the Texas Insurance Code states: "[a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Section 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242

(Tex. 1985)).[2]  The notice requirement is intended to give a defendant insurer an opportunity to make a settlement offer.  TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code").  If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal."  *Hines*, 843 S.W.2d at 469.

If the policy holder fails to provide the required notice, the Texas Insurance Code allows the defendant insurer to abate further proceedings.  The defendant insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer."  TEX. INS. CODE § 541.155(a).  Abatement is automatic and without court order if the defendant "[verifies]" the plea in abatement, and the plaintiff does not controvert the verified plea before the 11th day after the plea in abatement "beginning on the 11th day after the date a plea in abatement is filed."  TEX. INS. CODE § 541.156(c) (emphasis added). If the plaintiff disputes abatement, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice . . . required."  TEX. INS. CODE § 541.156(b).  In either case, "[a]n abatement . . . continues until the 60th day after the date notice is provided . . . ."  TEX. INS. CODE § 541.155(d).  If the policy holder provides notice for a period shorter than 60 days before filing suit and the suit is automatically abated, a court does not need to "formally grant another sixty-day abatement" if

---

[2]  Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit.  The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation."  *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469 (Tex. 1992)).  Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

more than 60 days have passed since the policy holder provided notice. *See In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 178 (Tex. 1999) (upholding trial court's decision that formal abatement was unnecessary even though the plaintiffs failed to provide notice 60 days before filing their DTPA suit because the suit was automatically abated and "by the time [the trial court] issued its ruling, more than sixty days had passed since Plaintiffs sent their notices"); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).

In this case, no statutory notice was provided before suit was filed. The plaintiffs argue that the state court petition provides notice. But this state court petition does not provide "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The contents of the petition do not meet the statutory notice requirement.

The plaintiffs also argue that the pendency of limitations excuses the notice requirement. The Texas Insurance Code recognizes an exception if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). Courts have held that "[i]n order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005); ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *see also Camp v. RCW & Co., Inc.*, Civ. A. No. H-05-3580, 2007 WL 1306841(S.D. Tex. May 3, 2007) ("[T]o

4

benefit from this exception, a 'plaintiff must plead and prove that he qualifies for the limitations exception.'" (quoting *Winkle Chevy–Oldsmobile–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd)); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit even though the plaintiff could not provide notice within the statute of limitations because the plaintiff could identify all named defendants six months before filing suit). But under the applicable precedent, the plaintiffs must "plead and offer some proof" that giving notice was "rendered impracticable." In this case, there is no pleading or proof that limitations made the statutory notice "impracticable." Nor is there any explanation for why the plaintiffs did not send a notice letter when or shortly after they filed the lawsuit.

The plaintiffs argue that even if they did not timely comply with the presuit written notice requirement, the letter they sent on January 11, 2011 met the requirement. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action). The notice letter in this case contains scant factual information about the cause of action. But it does identify identify the damages sought — $180,00 in economic damages, $30,000 in mental anguish damages, and $84,000 in expenses and

5

attorneys' fees. And it claims that the inspection omitted certain damaged items and undervalued damage that was covered.

The motion for abatement is granted, beginning when the letter was sent, January 11, 2011. This case is abated until **March 14, 2011**.

## II.     The Motion to Dismiss

A dismissal for failure to plead with particularity in accordance with Federal Rule of Civil Procedure 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

In *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937 (2009), the Supreme Court explained that while Rule 9 requires pleading with particularity "when pleading 'fraud or mistake,' "it allows "'[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'" *Id.* at 1954 (alterations in original) (quoting FED. R. CIV. P. 9(b)); *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("Allegations about conditions of the mind,

such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally."). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In *Iqbal*, the Court explained that term "generally," as used in Rule 9, "is a relative term." 129 S. Ct. at 1954. "In the context of Rule 9, ['generally'] is to be compared to the particularity requirement applicable to fraud or mistake," that "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard," and that Rule 9 "does not give [a party] license to evade the less rigid-though still operative-strictures of Rule 8." *Id.* (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, at 291 (3d ed. 2004)). "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."

6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

The defendants argue that the common law fraud and conspiracy to commit fraud claims should be dismissed because they are not sufficiently pleaded under Rule 9(b).  The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  To plead fraud sufficiently under Rule 9(b), the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams*, 112 F.3d at 177.

The plaintiffs' petition alleges a variety of violations of the Texas Insurance Code arising out of the denial of their hurricane-damage claim.  They contend that the adjusters' investigation was insufficient and that there are systematic problems in the claims-adjusting process followed by the insurer.  The petition does not, however, allege what fraudulent statements were made by which defendant or when they were made.  The petition's allegations of fraud do not satisfy Rule 9(b).

The allegation of conspiracy to commit fraud is derivative of the fraud claim. *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (unpublished) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Because the plaintiffs have failed to state a claim for fraud, they have failed to state a claim for conspiracy to commit fraud. *Cf. id.* (holding that summary judgment was appropriate on a claim of civil conspiracy to commit fraud when summary judgment was appropriate for the underlying fraud claim).

The defendants' motion to dismiss the fraud and related conspiracy claims is granted, with leave to amend. The plaintiffs must replead the fraud and conspiracy to commit fraud claims with sufficient particularity to satisfy Rule 9(b) by **April 8, 2011**.

SIGNED on February 17, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge